First, may it please the court. My name is Aaron Holt and I represent the appellant James Myers in this case. Mr. Myers was incorrectly sentenced as an armed career criminal and I'm asking this court to vacate his sentence and remand for resentencing. This case turns largely on the question of whether the offense of first degree terroristic threatening under Arkansas law qualifies as a violent felony under the Force Clause of the Armed Career Criminal Act. Mr. Myers was convicted of that in 2014. He had two other convictions as well. I've also argued that his second degree battery conviction is not a violent felony. I think the better argument is first degree terroristic threatening, so that's the one I intend to focus on. A person commits that offense if, with the purpose of terrorizing another person, that's one element of the offense. The second element is the person threatens to cause death or serious physical injury or substantial property damage to another person. My argument here is that that list of three things is a list of means by which a single element can be accomplished rather than a list of separate elements that constitute separate crimes. What about the Boas case? That's where I'm going next, Your Honor. The government has argued that Boas is controlling. Right. And I would say that on its face it does appear to be controlling. The Boas case does say that this defines two separate offenses. It groups the threats of death or serious physical injury as one crime and the property damage as another. But I contend that the Mathis case of the Supreme Court casts that decision into doubt, and I contend that that allows this panel to reconsider the decision in light of Mathis. The reason that Mathis does cast it into doubt is because the Eighth Circuit in its Mathis decision basically said that whether a statute defines a list of elements or means, it's divisible and we apply the modified categorical approach. What Mathis at the Supreme Court level clarified was that, no, if it defines a list of means, you're not allowed to find it to be divisible. So under the way the circuit had been operating, the court in Boas could have looked at that and decided that whether it's elements or means, it's divisible. We're going to apply the modified categorical approach. Your Honor, in response to that specific question, I would say the case law is not clear on that. I don't think the case law says whether they do that. There are cases, and one of them that I cited was Adams v. State, in which it discusses the elements and it lists both the intent of terrorizing another person, and then it lists all three of those options as another element. So I think the case law does suggest that the main elements are, first, having the intent to terrorize, and second, communicating a threat. Of course, the critical question, I think, under the Mathis analysis, is whether if you charge in the disjunctive, you have to prove both. And does Arkansas case law shed any light on that? And again, I don't think that the case law does. If it doesn't, does something in Arkansas jurisprudence shed light on that? Your Honor, a couple of things do. And one that I would say that the court is allowed to look at in this case is the court is allowed to take a peek at the state court record in this case. In this very case, the felony information under which Mr. Myers was charged listed all three elements. And then it said that he – then it discussed how he committed the offense. It described factually how he did, which seemed to point to only one of them. But the actual felony information that charged him in the state court listed all three. And in the Mathis case, the court indicated that's as good an indication as any that these are a list of separate means by which an element can be used. It's your position when we look at that count six that we only are supposed to look at the first two lines, right? Repeating the words of the statute and not the last two lines about what he did. Yes, Your Honor, because, again, looking at the last two lines, that's getting into the facts. That's getting into the facts that show the elements are met. What you're looking at is what are the elements. Well, but do you in Arkansas have to prove the two wit? The phrase after the two wit, do you have to prove those very things? How much of a variance can you have, to use a federal term? I don't know the answer to that specific question, Judge. But I would submit that when a prosecutor charges somebody and puts all those three things in it, again, the Mathis court has said that that's a very good indication, as good an indication as any, that those are merely means by which a single element can be accomplished. Another thing to look at is the state's model jury instructions. That's another aspect of state law that this court can look at. And as I explained in the briefing, this is one of those things that may be easier to see on paper than it is to explain in person. But the model jury instructions allow for a court to instruct that if the jury finds that a defendant threatened death, threatened serious physical injury, or threatened substantial property damage, then they can find him guilty. Do they require unanimity? They don't. And because of the way it's structured, when a court can say all three of those things, the jury just has to agree that one of those things, some jurors can agree. In Arkansas, they do not say that you have to prove one of those by unanimity. They don't, in other words, end up in an elements instruction. Not that I'm aware of, Your Honor, and not from looking at the jury instructions themselves. There's nothing in there about, there's nothing in there instructing on that. Again, all of those options are in parentheticals, and they're separated by the word or in parentheticals as well, which indicates that those ors can be placed in the final instruction given to the jury. And therefore, again, the court can instruct as to all of them, and the jury just has to find that one or more of them have been met in order to convict. And there is no unanimity requirement. And again, I would point the court, again, to the McMillan case, which I think is a recent decision of this court that's on point regarding a Minnesota law of third degree riot. It's another one of those cases that involved both threat to persons and threats to property. The court looked at the state law there, and there was a case, a state law case they looked at that was cited in McMillan that listed the elements, and they had one element was the first part, the participating in basically riot-type behavior, and the second was causing threat to persons or property. Just the fact that those were both listed together in the second element suggested that they were means rather than elements, and I'd say that's similar to how the Arkansas case is treated here. They also looked at the model jury instructions there, and all of those elements were listed in one, both those elements were listed in one, the same way it is here. So, again, this statute does not require for conviction a showing that Mr. Myers made a threat to cause death or serious physical injury. It also involves a threat to property. Therefore, it does not qualify under the fourth clause of the Armed Career Criminal Act. Therefore, he did not have the three requisite predicate offenses, predicate convictions, and was incorrectly sentenced as an armed career criminal. And I'd like to save the rest of my time for rebuttal. Thank you. Mr. Dean. May it please the Court, I am Dennis Dean on behalf of the U.S. government. I've represented the United States in this case versus James Myers since its inception. BOAS is controlling, both on its face and actually. Mathis dealt with multiple ways to satisfy a singular locational element in a burglary statute. And to further illustrate the Court's thought process during Mathis, they discussed a hypothetical where the term deadly weapon was used in the statute, and then there were listed alternatives, such as a gun, a knife, and a bat, those being means, not elements. In contrast, the felony statute for Arkansas terroristic threatening enumerates three alternative bases or crimes for conviction that are separated by the disjunctive or. This is the hallmark of divisibility according to the DeKalb's decision, which has been followed by this Court in multiple decisions. Mathis says the modified approach serves and serves solely as a tool to identify the elements of a crime of conviction when the statute's disjunctive phrasing renders one or more of them opaque. That's what we have here. So BOAS doesn't need to be overturned, and we can still look at Mathis for guidance. According to Mathis, facts are mere real-world things extraneous to the crime's legal requirements. They neither be found by a jury nor admitted by a defendant. Elements are what a defendant pleads to at a plea hearing. Now, one needs merely to look at Myers' judgment and the prosecutor's short report of circumstances to see what he pled to. It says the defendant, among other things, threatened to kill his girlfriend. The appellant really provides no authoritative sources of state case law that the three elements of terroristic threatening are, in fact, means. I don't think Adams really stands for what he thinks it does. Adams says what is prohibited is the communication of a threat with the purpose of terrorizing another person. Well, I think that can actually benefit us just as much because it's for the purpose of terrorizing another person. Similarly, I don't think the Lewis case cited by the appellant fits here because, again, it says what is prohibited is the communication of a threat with the purpose of terrorizing another person. In the next sentence it says it is not necessary that the recipient of the threat actually be terrorized. That goes to some sort of an intent question. I'm thinking about a hypothetical where the defendant's arch enemy is told, you know, if you don't do what I want you to do, I'm going to wait until you're at home and I'm going to blow up your house. And he's charged with violating this statute. And the facts come out. Now, does the trial court tell the government, if you want, you have to convince the jury both that he threatened the person and that he threatened the property? Or can the judge just charge it as the statute is written and if the jury says guilty and there's evidence of either or both, that's sufficient? Well, Your Honor, prior to working for the Department of Justice, I was a state prosecutor in Arkansas. And under this statute and under the jury instructions, while the information, the charging document, would list everything in the statute, the to wit, of course, being more specific, the jury instructions read to the jury would only cover what the prosecutor, what the state was trying to prove. So you would not list everything to the jury. And that was brought up. That's why my hypothetical, it seems to me, is tricky. It is tricky, Your Honor, and it's even more tricky because there's a conditional threat in there that you threw in. If you do this, I'm going to do this. Under Arkansas law, that wouldn't even be terroristic threatening because it's conditional. But do you agree that, because you don't, neither of you cite the instructions for the jury instructions, do you agree that or in parentheses means you can put or in the jury instructions? I do not, Your Honor. Well, you didn't cite any authority for that. You need to cite us to the instructions that says what these things mean in these codic, formulaic codes. Go ahead. I understand, Your Honor. And, Judge Benton, I could not find any Arkansas cases that actually said that. My question is about the instructions. In Missouri, there's a long set of instructions at the front. I'm using the word for two different things. There's a long set of guidance at the front of the instructions, and they address what the parentheses mean and what this means and what that means. I understand, Your Honor. And so if you told us about that, so you're saying, contrary to what he says, he says the or in parentheses means you put the or in the instruction. Get it? Yes. And you say no, right? Yes, Your Honor. I say you choose one of the three. And this was looked at just last year in the Eastern District of Arkansas. Okay. Is that case on appeal? That was a question I had that I didn't find that before in the Martin case. It doesn't appear that it is. Well, is it final? It was decided in October, so I believe there might be a little bit of room for them to appeal that. But the judge in that case obviously looked at the issue in light of the Mathis means test. Myers made the same argument that the defendant made in the Martin case, and the court cited Boas and said it has not been overruled, nor need it be. The district court then looked at the terms used in the Arkansas statute, specifically they were looking at the terms serious physical injury as opposed to mere physical injury, and noted specifically that the jury instructions listed the alternatives disjunctively and held, therefore, that the statute was divisible. So I think that that is very telling as to what the court was thinking at. Means would be more, in this case, was the threat made in person? Or was it made over the phone? Or was it made by email? Those would be means, not elements. Was the threat explicit or not? Verbal or not? Quoting the Adams case. But again, we're dealing with actual elements here. The McPhee case that the defense cites out of the District of Minnesota is completely distinguishable from this case because they're looking at crime of violence as an overbroad term that was defined elsewhere in the Minnesota statute. And this court said where you have to look elsewhere in a statute to find out what something means, that's a means, not an element. So as you interpret this subsection capital A, terroristic threatening, there are no means in it, they're all elements, right? Yes, Judge. Everything listed there is an element? Yes, Judge. Okay. And you would agree then that in order to obtain a conviction, there has to be unanimity on the element? Yes, Judge Erickson, because that's what the prosecutor would be, that's the only thing the prosecutor would be laying out for the jury. There was a threat. What was the threat to? A person or a piece of property. But it would just be one thing. If you had that very odd case in which more than one of the subsections may have applied, then there would be an instruction from the judge saying that in order to convict, you'd have to unanimously reach on. On Judge Loken's hypothetical, I actually don't know. That does throw a pretty good monkey wrench in it because, yes, half the jury could find that it was a threat to property,  and based on the fact that the prosecutor was trying to prove both in that specific case, maybe. To very quickly hit battery, I think that that's . . . You think there's no Arkansas case on that, most importantly? We've had this in Bank. Missouri had some law about a similar situation. Not that I could find an Arkansas case, and there wasn't one. Go ahead. To very quickly hit battery, this very circuit decided just last year in the Winston decision that Arkansas statute for second degree battery qualified as a violent felony. Post Johnson, post Mathis, the only difference in the Winston case, in our case, is Winston dealt with a deadly weapon. We deal with serious physical injury. Once you apply the modified categorical approach under Winston and under existing case law, you see that Mr. Myers was charged with striking somebody in the head with such force that it caused their brain to swell and bleed. I don't think anybody's going to argue that that's not a violent felony, so it clearly fits under the purposes of the Armed Career Criminal Act. In short, Your Honors, we have three felonies. We have an uncontested drug prior felony. We have this battery felony that clearly fits. And then we have the only one that's a little bit in contention, and that's the terroristic threatening. Because of the case law that I've cited and the facts, I do think that comes in. And the district court made a correct decision. If you all don't have any more questions, I'll conclude. Thank you. I want to quickly address just a couple of things. First of all, Mr. Dean cited the prosecutor's short report of circumstances as something to look at here. I would just point out that's not a Shepard document, as far as I know. I don't think that's the type of state court record that the court is allowed to look at to determine the modified categorical approach. Tell me again what it says we can't look at? I'm sorry, Your Honor. Tell me what it is that we can't look at. It was the short report of circumstances, the prosecutor's short report of circumstances. It's not a thing that I've seen listed in any court discussing the modified categorical approach. And then also, I would just point out that regarding the jury instructions, again, I believe that the way, from looking at the Arkansas jury instructions, I believe that Mr. Dean is correct that if there's only evidence of one of those things, the jury instructions do allow the court to disregard that. The court can just instruct on one of them. But again, I'm arguing that based on the way these are structured with that or in there in parentheses, it does clearly appear that you can instruct on all of them. Therefore, in Judge Loken's hypothetical, the court will just include both of those things, damage to property or death to a person or possibly even the serious physical injury, and they'll just put all of them in there. The jury does not have to agree unanimously on them. And I would just point out that in other Arkansas model jury instructions, for example, assault in the first degree, whenever there are two separate crimes that are referenced, those are just put in parentheticals next to each other so that it's clear that you're not going to instruct us to both of them. You're just going to do one or the other. And again, that's model instruction 13.5. The guidance at the front of the book says that. I looked at the guidance in the front of the book, and it is not clear. Thank you. From my looking at it, it's not as expressed. If it were, then I would have included it. Thank you. Thank you, Your Honors. Thank you, Counsel. The case has been well briefed and argued. Congress would put us all out of work if they'd amend the, if they'd clarify the ACCA. We'll struggle with another one.